IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| In the matter of:<br><br>RONNIE LOUIS MARVEL KAHAPEA,<br><br>Debtor.<br><br>———<br><br>RONNIE LOUIS MARVEL KAHAPEA,<br><br>Plaintiff,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>Defendant. | Case No. 25-cv-00124-DKW-WRP<br><br>Bankr. No. 24-01025<br>Adv. No. 25-90004<br><br>**ORDER DENYING (1) MOTION TO WITHDRAW REFERENCE AND (2) SUPPLEMENTAL PETITION TO WITHDRAW ADVERSARY PROCEEDING** |

On March 18, 2025, Ronnie Louis Marvel Kahapea moved to withdraw this Court's reference to the U.S. Bankruptcy Court for the District of Hawaiʻi of Kahapea's bankruptcy case, an adversary proceeding pending in his bankruptcy case, or both. Kahapea did so arguing that he has a right to a jury trial and this Court, rather than the Bankruptcy Court, must decide "constitutional issues" concerning due process, property rights, fraudulent misrepresentation, and unjust enrichment, as well as violations of "agency law", "tax laws", and the "borrower-in-custody" program. Dkt. No. 1-4. On April 30, 2025, Kahapea also filed a "supplemental petition", seeking withdrawal of the reference of his adversary

proceeding, while clarifying that his initial motion concerned only his underlying bankruptcy case. Dkt. No. 5.

For the reasons set forth below, Kahapea is mistaken that reference of his bankruptcy case or connected adversary proceeding should be withdrawn at this juncture. Initially, although Kahapea fails to acknowledge it, withdrawal of the reference may take two forms: mandatory or permissive withdrawal. Kahapea has failed in his burden on both scores. Mandatory withdrawal is not warranted here because Kahapea has failed to show that either his bankruptcy case generally or the connected adversary proceeding involve "substantial and material" questions of pertinent federal law. Permissive withdrawal is not warranted either because Kahapea fails to even mention the factors applicable to the same, let alone show that they favor withdrawal at this juncture. As a result, the motion to withdraw bankruptcy reference, Dkt. No. 1, and "supplemental petition", Dkt. No. 5, are DENIED.

## RELEVANT BACKGROUND

The background of this case begins with a piece of real property in Volcano, Hawaiʻi ("the Volcano Property"). On August 12, 2022, Pennymac Loan Services, LLC (Pennymac) filed a Complaint for Mortgage Foreclosure in the Third Circuit of the State of Hawaiʻi (Third Circuit), seeking to foreclose upon the

Volcano Property after Kahapea and others allegedly defaulted on a mortgage with a remaining principal balance of $261,558.16 ("the Foreclosure Proceeding"). Dkt. No. 4-1 at ¶¶ 3, 8, 11-12 (Complaint for Mortgage Foreclosure in Case No. 3CCV-22-000232). On September 26, 2024, the Third Circuit (1) granted Pennymac's motion for summary judgment and for interlocutory decree of foreclosure with respect to the Volcano Property, and (2) entered Judgment in favor of Pennymac. Case No. 3CCV-22-000232, *Pennymac Loan Services, LLC v. Ronnie Louis Marvel Kahapea, et al.*, Dkt. Nos. 108, 110.[1] On October 21, 2024, Kahapea filed a Notice of Appeal to the Intermediate Court of Appeals of the State of Hawai'i. *Id.*, Dkt. No. 118; Case No. CAAP-24-0000691, *Pennymac Loan Services, LLC v. Ronnie Louis Marvel Kahapea, et al.*, Dkt. No. 1.

Roughly two weeks later, on November 6, 2024, Kahapea filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the U.S. Code ("the Bankruptcy Proceeding"). Dkt. No. 1-3 at 1; Dkt. No. 4-2. In the Bankruptcy Proceeding, Kahapea disclosed that he had assets of $567,384, no liabilities, and not a single creditor, secured or unsecured. Case No. 24-BR-01025 (Bankr. D. Haw.), *In the Matter of Ronnie Louis Marvel Kahapea*, Dkt. No. 17 at 1, 15, 18,

---

[1] The Court takes judicial notice of public records, such as the existence of judicial decisions, that are not included in the record of this case. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

20-23.[2]  On January 14, 2025, Pennymac objected to Kahapea's attempt to reorganize under Chapter 13, observing that his plan of reorganization did not include Pennymac as a creditor and did not list any claim related to the Volcano Property.

On January 24, 2025, Kahapea initiated an Adversary Proceeding (AP) against Pennymac arising out of the Bankruptcy Proceeding.  Dkt. No. 1-3 at 3-4; Case No. 25-AP-090004 (Bankr. D. Haw.), *Ronnie Louis Marvel Kahapea v. Pennymac Loan Services, LLC*, Dkt. No. 2.  In the AP Complaint, Kahapea sought to invalidate and/or disallow any liens or claims Pennymac may assert in the Bankruptcy Proceeding and enjoin Pennymac from pursuing the Foreclosure Proceeding.  Case No. 25-AP-090004 (Bankr. D. Haw.), *Ronnie Louis Marvel Kahapea v. Pennymac Loan Services, LLC*, Dkt. No. 2-2 at 4-5.

On March 18, 2025, Kahapea docketed the instant motion to withdraw bankruptcy reference.  Dkt. No. 1.  While the motion to withdraw is unclear, liberally construed, it appears to seek withdrawal of the Bankruptcy Proceeding, the AP, or both.  On April 3, 2025, Pennymac filed a response to the motion to

---

[2]Kahapea also certified under penalty of perjury that his list of creditors, or, more accurately, lack thereof, was true and correct.  Case No. 24-BR-01025 (Bankr. D. Haw.), *In the Matter of Ronnie Louis Marvel Kahapea*, Dkt. No. 17 at 61.

4

withdraw. Dkt. No. 4.[3] Although Kahapea had until April 17, 2025, to file a reply, *see* Dkt. No. 3, he did not (and has not) done so. Instead, on April 30, 2025, Kahapea filed what he styled as a "supplemental petition" to the motion to withdraw. Dkt. No. 5. Therein, Kahapea seeks to withdraw the AP, while clarifying that the initial motion to withdraw sought withdrawal of the reference only with respect to the Bankruptcy Proceeding. The arguments for doing so, principally, the right to a jury trial and the existence of alleged "constitutional" and federal claims, are the same.

## RELEVANT LEGAL STANDARD

Section 157(d) of Title 28 of the U.S. Code provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In other words, withdrawal may be permissive, as set forth in the first sentence, or, mandatory, as set forth in the second sentence of Section 157(d). In

---

[3] On May 3, 2025, the Chapter 13 Trustee for the Bankruptcy Proceeding also filed a response. Dkt. No. 8. Because said response, without explanation, is a month late, *see* Dkt. No. 3, it has not been considered for purposes of the decision herein.

both instances, the burden is on the movant—here, Kahapea. *In re Creekside Vineyards, Inc.*, 2009 WL 3378989, at *3 (E.D. Cal. Oct. 19, 2009).

## DISCUSSION

The Court addresses each form of withdrawal below, beginning with mandatory withdrawal. On this subject, the Ninth Circuit Court of Appeals has spoken little. The Circuit has stated only that mandatory withdrawal "hinge[s] on the presence of substantial and material questions of federal law." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). Although the Ninth Circuit did not (and, based upon the Court's research, has not) provided any further explanation of the type of questions that might be considered "substantial and material", the Seventh Circuit Court of Appeals discussion of the topic is persuasive. Specifically, the Seventh Circuit has explained that questions of federal law are "substantial and material" only when they "require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency*, 96 F.3d 949, 954 (7th Cir. 1996). The "mere application of existing law to new facts[]" is insufficient. *Id*.

Applying these principles here, Kahapea has not come close to showing how "substantial and material" questions of non-bankruptcy law affecting interstate commerce are present in his bankruptcy case generally or in the connected adversary proceeding. In liberally construing the motion to withdraw and "supplemental petition", Kahapea asserts that the Bankruptcy Proceeding and/or the AP involve "constitutional" questions concerning due process and property rights, unjust enrichment, fraud, agency law, the "borrower-in-custody" program, the "Federal Reserve's statutory authority," tax law, and even arbitration. Despite relying on this lengthy list of legal principles, at least some of which the Court will assume for present purposes have a federal dimension, at no point does Kahapea explain, among other things, (1) how any of the purported issues are even present in either the Bankruptcy Proceeding or the AP, (2) even if present, why the issues are "substantial and material", in the sense that they require analysis of significant and unresolved areas of federal law, or (3) how any of the purported federal legal issues affect interstate commerce. Instead, fairly construed, all of these alleged issues appear to serve just one purpose: a "permanent injunction barring [Pennymac] from proceeding with nonjudicial foreclosure on any property related to this dispute." Dkt. No. 1-4 at 18.[4] In other words, an attempt to invalidate or,

---

[4] In citing to the memorandum in support of the motion to withdraw, Dkt. No. 1-4, the Court cites

7

at the very least, halt, the Foreclosure Proceeding. While perhaps much could be said about such a legal endeavor, it is far from requiring analysis of significant and unresolved federal law—instead, it will likely involve ordinary questions that often come before federal courts. In addition, Kahapea's frequent and conclusory assertions that the Bankruptcy Proceeding and/or the AP involve "non-core" or "constitutional" questions are insufficient, *see In re Solano*, 2017 WL 8180597, at *3 (C.D. Cal. June 19, 2017) ("The mere assertion of non-core causes of action, however, does not entitle a plaintiff to mandatory withdrawal of the reference."); *Creekside Vineyards*, 2009 WL 3378989, at *4 ("If Congress intended all actions involving constitutional issues to be subject to mandatory withdrawal it could have so provided…", and explaining that, "instead," Congress chose only to include federal law affecting interstate commerce) (quotation omitted), as is his assertion of a right to a jury trial, *see PDG Los Arcos, LLC v. Adams*, 436 F. App'x 739, 743 (9th Cir. May 31, 2011) ("Even if a party is entitled to a jury trial in a noncore proceeding, the bankruptcy court may retain jurisdiction and decide a dispositive pretrial motion such as a motion to dismiss.") (citing *In re Healthcentral.com*, 504 F.3d 775, 787-788 (9th Cir. 2007)). Moreover, Kahapea's contention that the Bankruptcy Proceeding and/or the AP involve "non-core matters" is premature,

---

to the page numbers in the top-right corner of the document, *i.e.*, "Page 18 of 29."

given that the Bankruptcy Court has made no such finding. *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1097 (9th Cir. 1997) ("The bankruptcy court makes the initial determination whether a case is a core proceeding or an otherwise related proceeding."). As a result, Kahapea's request for mandatory withdrawal is DENIED.

Regarding permissive withdrawal, the Ninth Circuit has explained that, in determining whether "cause" exists under Section 157(d), "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d 999, 1008 (9th Cir. 1997). In his motion to withdraw and "supplemental petition", Kahapea addresses none of these factors or even the principle of permissive withdrawal at all. *See generally* Dkt. No. 1-4, Dkt. No. 5. Even though Kahapea is proceeding without counsel, this Court cannot act as counsel for him, such as by supplying the essential elements of an argument. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, he has not met his burden on this front. Further, while Section 157(d) permits a district court to withdraw the reference "on its own motion", on the current record, this Court sees no reason to do so in light of the factors set forth above. Notably, at the very early

juncture of the Bankruptcy Proceeding and the AP at which Kahapea attempted to withdraw the reference, the Court does not find that resources, costs, or uniformity of bankruptcy administration will be aided by withdrawal.  Put simply, there is much for the Bankruptcy Court still to do in these proceedings.  As a result, Kahapea's request for permissive withdrawal is also DENIED.

## CONCLUSION

For the reasons set forth above, the motion to withdraw bankruptcy reference, Dkt. No. 1, and "supplemental petition", Dkt. No. 5, are DENIED.  All proceedings in Case Nos. 24-BR-01025 and 25-AP-90004 shall continue in the U.S. Bankruptcy Court for the District of Hawaiʻi.

IT IS SO ORDERED.

Dated: May 5, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

In the matter of :   Ronnie Louis Marvel Kahapea vs. Pennymac Loan Services, LLC; Civil No. 25-00124 DKW-WRP; **ORDER DENYING (1) MOTION TO WITHDRAW REFERENCE AND (2) SUPPLEMENTAL PETITION TO WITHDRAW ADVERSARY PROCEEDING**